UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARNELL BROWN,

                Plaintiff,                Civil Action No. 21-11423

v.                                          Laurie J. Michelson
                                              United States District Judge

SONIA WARCHOCK, *et al.*,        David R. Grand
                                              United States Magistrate Judge

                Defendants.
_____/

## REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER (ECF No. 14)

**I.**    **REPORT**

    **A.**    **Background**

This is a prisoner civil rights action commenced on March 15, 2021, by *pro se* plaintiff Darnell Brown ("Brown"). (ECF No. 1).[1] Brown names as defendants various Michigan Department of Corrections officials, including: Parole Board members Sonia Warchock ("Warchock") and Timothy Flanagan ("Flanagan"); Macomb Correctional Facility ("MCF") Warden George Stephenson ("Stephenson"); and MCF Assistant Deputy Warden Kristopher Steece ("Steece") (collectively, "Defendants"). Brown complains principally about two issues related to his conditions of confinement at MCF. First, he alleges that as a "prerequisite" for parole consideration, Warchok and Flanagan ordered

---

[1] The undersigned has been referred all pretrial matters in this case pursuant to 28 U.S.C. § 636(b). (ECF No. 19).

him to attend classes in a congregate setting where social distancing is impossible. (*Id.*, PageID.3-4).  Second, Brown alleges Flanagan and Steece placed him in a housing unit with COVID-19 positive inmates and improper ventilation that spreads "contaminated Covid-19 filled air . . ." (*Id.*).  Brown claims these requirements exposed him to a substantial risk of serious harm and constitute "deliberate indifference" in violation of his rights under the Eighth Amendment to the United States Constitution. (*Id.*, PageID.4).

On December 28, 2021, Brown filed a document that was docketed as a "MOTION for temporary restraining order, preliminary injunction, permanent injunctive relief, for appointment of counsel and to add defendant." (ECF No. 14).  While this document does contain a single sentence that asks for a "temporary restraining order pursuant to a preliminary injunctive and permanent injunctive relief from the named defendants," it contains no other argument, analysis, or factual support for any form of injunctive relief.  Rather, the bulk of the document appears to be a request by Brown to amend his initial complaint to add two new defendants, Cateeva Johnson and "Instructor Hadley," who are instructors at MCF. (*Id.*, PageID.45).[2]

However, on the same day that Brown filed his motion, he also filed two letters, one directed to the Honorable Terrence G. Berg, who previously was assigned to this case, and one directed to the Court Clerk. (ECF No. 15).  In these letters, Brown states, "injunctive relief please!!," which seems to be related to a request that this Court order him to be

---

[2] The motion also contains a single sentence in which Brown states that he "would like to motion for counsel . . ." (*Id.*, PageID.44).  The Court will address Brown's request to amend his complaint by adding additional defendants and his request for the appointment of counsel in separate orders.

2

immediately released or paroled, contending that this Court has "discretion of the release of inmates after they're [sic] (ERD) Earliest Release Date to the Parole Board while it's a deadly pandemic." (ECF No.15, PageID.47). Brown further asserts that he is being retaliated against by Prison Counselor Walsh and being denied information and materials in relation to his state court case due to a grievance he filed related to his claim that Prison Counselor Walsh "disregard[ed] a [sic] 'PREA.'" (*Id.*).

Finally, the Court notes that in Brown's complaint, he seeks an injunction enjoining the Defendants from placing him in a "congregant environment during [a] Covid-19 outbreak." (ECF No. 1, PageID.5).

Despite the fact that Brown commenced this action on June 1, 2021, and that he filed his instant motion on December 28, 2021, Defendants only filed appearances very recently, on February 22, 2022.

B.  **Applicable Legal Standards**

The Court will construe Brown's motion and letters (ECF Nos. 14, 15) as a motion for temporary restraining order ("TRO") and/or preliminary injunction asking the Court to order Brown's immediate release or parole and/or to enjoin Defendants from placing him in a "congregant environment during [a] Covid-19 outbreak." (ECF No. 1, PageID.5). TROs and preliminary injunctions "are extraordinary remedies designed to preserve the relative positions of the parties until further proceedings on the merits can be held." *Koetje v. Norton*, No. 13-12739, 2013 WL 8475802, at *2 (E.D. Mich. Oct. 23, 2013). Whether to grant such relief is a matter within the district court's discretion. *See Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 540 (6th Cir.

3

2007).

The same factors are considered in determining whether to grant a request for a TRO or a preliminary injunction. *See Ohio Republican Party v. Brunner*, 543 F.3d 357, 361 (6th Cir. 2008). Those factors are: (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant will suffer irreparable harm without the injunction; (3) whether issuance of the injunction will cause substantial harm to others; and (4) whether the public interest is served by issuance of the injunction. *Id.* (citing *Ne. Ohio Coal. for the Homeless v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006)). Moreover, a TRO is an extraordinary remedy, "which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002).

In addition, Fed. R. Civ. P. 65(b)(1) states that a TRO may be issued without written or oral notice to the adverse party or its attorney only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies to the court in writing any efforts made to give notice and the reasons why it should not be required.

Furthermore, an *ex parte* TRO is only appropriate where the applicant "would face irreparable harm so immediate that it would be improper to wait until after a preliminary injunction hearing to enjoin the non-movant's conduct." *Erard v. Johnson*, 905 F. Supp. 2d 782, 791 (E.D. Mich. 2012). As the United States Supreme Court has explained, the extremely limited availability of *ex parte* TROs "reflect[s] the fact that our entire

jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423, 439 (1974).

Finally, where, as here, an inmate seeks an order enjoining prison officials, the Court must proceed with the utmost care and be cognizant of the unique nature of the prison setting. *See Kendrick v. Bland*, 740 F.2d 432, 438 n.3 (6th Cir. 1984); *see also McKune v. Lile*, 536 U.S. 24, 37 (2002) ("'Running a prison is an inordinately difficult undertaking that requires expertise, planning, and the commitment of resources, all of which are peculiarly within the province of the legislative and executive branches of government.' To respect these imperatives, courts must exercise restraint in supervising the minutiae of prison life." (quoting *Turner v. Safley*, 482 U.S. 78, 84-85 (1987) (internal citations omitted))). Courts must accord prison administrators "wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Ward v. Dyke*, 58 F.3d 271, 273 (6th Cir. 1995) (internal quotations omitted).

**C.    Analysis**

Examining Brown's filing against the foregoing standards, he has failed to show that he is entitled to the immediate injunctive relief he requests. First, Brown failed to comply with Rule 65(b)(1)'s requirements. Brown's motion does not contain a proof of service, and it appears that he filed the motion before Defendants were even served with process, let alone notice that he was asking this Court to order his immediate release or parole. Indeed, it was only very recently that counsel filed an appearance on behalf of the

5

Defendants. Thus, Brown's *ex parte* motion for immediate injunctive relief should be denied for failing to comply with Fed. R. Civ. P. 65(b)(1)(A) and (B). *See Wiggins v. Nationstar Mortg. LLC*, No. 14-12680, 2014 WL 3400911, at *1 (E.D. Mich. Jul. 10, 2014).

Nor has Brown met his substantive burden of demonstrating that he is clearly entitled to immediate injunctive relief. With respect to the first factor, he has not established a strong likelihood of success on the merits. Although Brown alleges that he was placed in congregate settings with no social distancing, those allegations are vague, and he has presented no factual or evidentiary support for them. In short, while the Court is sensitive to Brown's concerning allegations, without more, he simply has not shown that he is likely to prevail on any claims against the Defendants, which mitigates in favor of denying his request for immediate injunctive relief. *See Cook v. Chase Home Fin., LLC*, No. 10-15108, 2010 WL 5441929, at *1 (E.D. Mich. Dec. 28, 2010) (concluding that the plaintiff had not demonstrated that she was entitled to a TRO partly because she "fail[ed] to demonstrate a strong or substantial likelihood of success on the merits").

Similarly, although requiring Brown to attend classes that do not allow for adequate social distancing could increase his risk of contracting the potentially harmful Covid-19 virus, he proffers no evidence as to any of those issues, and thus fails to establish that presently he is likely to suffer irreparable injury that is certain and immediate absent the requested injunction. *See Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 154 (6th Cir. 1991) (requiring that to obtain an injunction, "the harm alleged must be both certain and immediate, rather than speculative or theoretical.").

*See also Cooper v. Bower*, No. 5:15-CV-P249-TBR, 2017 WL 3389521, at *4 (W.D. Ky. Aug. 4, 2017) (plaintiff's allegation that "staff keep assaulting" him and his conclusory statement that "it is obvious that my life is in danger" do not constitute evidence warranting the injunctive relief of a prison transfer).

The final two factors also weigh in favor of denying Brown's motion for immediate injunctive relief. Issuing preliminary injunctive relief to immediately release or parole Brown or to enjoin Defendants from requiring Brown to spend time in congregate settings at MCF would result in harm to both the Defendants and the public, because providing appropriate supervision of Michigan's inmate population necessarily requires the ability to determine where and how prisoners are appropriately housed. As the Sixth Circuit has recognized, "problems of prison administration are peculiarly for resolution by prison authorities and their resolution should be accorded deference by the courts." *Bazzetta v. McGinnis*, 124 F.3d 774, 779 (6th Cir. 1997). Moreover, "[w]hen an injunction is sought by an inmate against state prison officials, the Sixth Circuit has noted that findings of fact in support of any granted relief are 'especially critical' since such an order would necessarily intrude 'significantly into the prerogatives of state correctional officials.'" *Huber v. Nolan*, No. 1:19-CV-224, 2019 WL 2314630, at *3 (S.D. Ohio May 31, 2019) (quoting *Glover v. Johnson*, 855 F.2d 277, 284 (6th Cir. 1988) and citing *Kendrick v. Bland*, 740 F.2d 432, 438, n. 3 (6th Cir. 1984)). Here, Brown has failed to provide the Court *any* evidence from which it could find that the requested injunction is warranted, and his requests, by their very nature, intrude on the prison system's ability to make decisions regarding the custody and care of its prisoners.

Brown's passing reference to *Helling v. McKinney*, 509 U.S. 25 (1993) – he simply gives the case name and writes, "injunctive relief please!! – does not change the analysis. (ECF No. 15, PageID.47). McKinney, a state prisoner, asserted a claim under the Eighth Amendment against prison officials for involuntarily exposing him to environmental tobacco smoke from inmates which he alleged posed an unreasonable risk to his health. In that case, the Court agreed that the "Eighth Amendment protects against future harm to inmates" because "[i]t would be odd to deny an injunction to inmates who plainly proved an unsafe, life-threatening condition in their prison on the ground that nothing yet had happened to them." *Helling*, 509 U.S. at 33. But, as explained above, Brown has far from "plainly proved" he is presently facing "an unsafe, life-threatening condition."

Nor does Brown's bald reference to *Wilson v. Williams*, 961 F.3d 829 (6th Cir. 2020), help him. (ECF No. 15, PageID.47). In *Wilson*, prisoners at the Elkton Federal Correctional Institution asserted an Eighth Amendment claim against prison officials by alleging deliberate indifference in their failure to create safe conditions during the COVID-19 pandemic. A group of medically-vulnerable inmates were granted a preliminary injunction that required prison officials to evaluate their eligibility for a transfer out of the prison based on COVID-19-related health concerns. The Sixth Circuit reversed, however, finding that although the medically-vulnerable inmates "easily satisfied" the deliberate indifference test's objective prong because the "virus creates a substantial risk of serious harm leading to pneumonia, respiratory failure, or death," they failed to meet the subjective prong because they did not "provide[] sufficient evidence to show that the BOP" did not "respond[] reasonably" to those risks. *Wilson*, 961 F.3d at 840-44 (6th Cir. 2020). Here,

8

Brown has presented no evidence that he has a medical condition that renders him especially susceptible to serious illness from the COVID-19 virus. Nor has Brown provided any evidence from which the Court could conclude that the Defendants' actions have been unreasonable.

In sum, because Brown has failed to meet his "heavy burden" to secure the requested immediate injunctive relief, his instant motion for a TRO should be denied.[3]

## II.   RECOMMENDATION

For the foregoing reasons, **IT IS RECOMMENDED** that Brown's Motion for Temporary Restraining Order **(ECF No. 14)** be **DENIED**.

Dated: February 28, 2022                    s/David R. Grand
Ann Arbor, Michigan                         DAVID R. GRAND
                                            United States Magistrate Judge

---

[3] Finally, the Court addresses Brown's claims that he is being retaliated against by Prison Counselor Walsh and being denied information and materials in relation to his state court case due to a grievance he filed, which claimed Prison Counselor Walsh "disregard[ed] a [sic] 'PREA.'" (ECF No. 15, PageID.47-48). While Brown makes concerning allegations of retaliation against Counselor Walsh, she is not a defendant in this case (nor alleged to be acting in concert with any of the Defendants) and Brown's complaint contains no claim for First Amendment retaliation or denial of access to the courts. It would be inappropriate to grant injunctive relief based on these allegations. As this Court has explained, "in considering whether to grant a preliminary injunction, the Court should bear in mind that the purpose of injunctive relief is 'to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits.'" [] Thus, '[a] party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint.' . . . [G]enerally, the 'Court cannot enjoin non-parties from taking action based on allegations and claims not presented in the pleadings.'" *Thomas-El v. Smith*, No. CV 20-10128, 2021 WL 3271537, at *2 (E.D. Mich. July 15, 2021), report and recommendation adopted sub nom. *Thomas v. Smith*, No. 20-CV-10128, 2021 WL 3207103 (E.D. Mich. July 29, 2021).

## REVIEW

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

***Note these additional requirements at the direction of Judge Michelson:***

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 28, 2022.

                                                                                  _____
                                                                      EDDREY O. BUTTS
                                                                       Case Manager