UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARNELL BROWN,

    Plaintiff,

v.

SONIA WARCHOCK,
TIMOTHY S. FLANAGAN,
GEORGE STEPHENSON, and
KRISTOPHER STEECE,

    Defendants.

Case No. 21-11423
Honorable Laurie J. Michelson

**ORDER ACCEPTING REPORT AND RECOMMENDATION [22] AND DENYING MOTION FOR TEMPORARY RESTRAINING ORDER [14]**

Darnell Brown filed this lawsuit alleging, among other things, that Sonia Warchock and Timothy Flanagan, two members of Michigan's Parole Board, ordered him to attend a class as a prerequisite for either parole consideration or parole release. Brown believes that given the risk of contracting COVID-19 in prison, this prerequisite violates the Eighth Amendment. In December 2021, Brown filed a motion for a temporary restraining order, preliminary injunction, and permanent injunction. (ECF No. 14, PageID.44.) All pretrial matters, including this motion for injunctive relief, have been referred to Executive Magistrate Judge David R. Grand. (ECF No. 19.) On February 28, 2022, Magistrate Judge Grand issued a report and recommendation to deny Brown's motion for temporary restraining order. (ECF No. 22.)

At the conclusion of his February 28 report and recommendation, Magistrate Judge Grand notified the parties that they were required to file any objections within 14 days of service, as provided in Federal Rule of Civil Procedure 72(b)(2) and Eastern District of Michigan Local Rule 72.1(d), and that "[f]ailure to file specific objections constitutes a waiver of any further right of appeal." (ECF No. 22, PageID.70.) It is now March 28, 2022, which, even accounting for mail delays, is past the time allowed for objections. And no objections have been filed.

The Court finds that the parties' failure to object is a procedural default, waiving review of the Magistrate Judge's findings by this Court. In *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981), the Sixth Circuit established a rule of procedural default, holding that "a party shall file objections with the district court or else waive right to appeal." And in *Thomas v. Arn*, 474 U.S. 140, 144 (1985), the Supreme Court explained that the Sixth Circuit's waiver-of-appellate-review rule rested on the assumption "that the failure to object may constitute a procedural default waiving review even at the district court level." 474 U.S. at 149; *see also Garrison v. Equifax Info. Servs., LLC*, No. 10-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012) ("The Court is not obligated to review the portions of the report to which no objection was made." (citing *Thomas*, 474 U.S. at 149–52)). The Court further held that this rule violates neither the Federal Magistrates Act nor the Federal Constitution.

The Court therefore finds that the parties have waived further review of the Magistrate Judge's Report and accepts his recommended disposition. (ECF No. 22.) It follows that Brown's motion for temporary restraining order (ECF No. 14) is DENIED.

SO ORDERED.

Dated: March 29, 2022

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE
