UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARNELL BROWN,

                Plaintiff,          Civil Action No. 21-11423

v.                                             Laurie J. Michelson
                                               United States District Judge

SONIA WARCHOCK, *et al.*,         David R. Grand
                                               United States Magistrate Judge

                Defendants.
_____/

## ORDER GRANTING DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S UNSANCTIONED SURREPLY (ECF No. 31)

On June 1, 2021, plaintiff Darnell Brown ("Brown"), who currently is incarcerated at the Central Michigan Correctional Facility, filed this civil rights action, pursuant to 42 U.S.C. § 1983, against several Michigan Department of Corrections ("MDOC") officials (collectively, "Defendants"). (ECF No. 1). On February 1, 2022, this case was referred to the undersigned for all pretrial purposes. (ECF No. 19).

On March 3, 2022, Defendants filed a Motion for Summary Judgment on the Basis of Exhaustion. (ECF No. 25). Brown filed a response to this motion on March 24, 2022, and Defendants filed a reply brief on April 14, 2022. (ECF Nos. 28, 29). Nearly two months later, on June 9, 2022, Brown filed a "Response to Defendants [sic] Motion for Summary Judgment," *i.e.*, a purported surreply, without seeking leave of court to do so. (ECF No. 30).

Defendants filed a motion to strike this submission, arguing that a surreply is not

contemplated under the Local Rules, and Brown did not seek the Court's permission to submit an additional filing. (ECF No. 31, PageID.157) (citing E.D. Mich. LR 7.1(c)(3) ("A party must obtain leave of court to file more than one response to a motion for summary judgment.")). Brown did not file a response to Defendants' motion, and the deadline to do so has passed.

Defendants are correct that E.D. Mich. L.R. 7.1 does not contemplate the filing of a surreply under normal circumstances, and Brown has neither moved for permission to file a surreply, nor articulated good cause for filing one. Moreover, Brown's surreply has no relation to the narrow issues raised in the Defendants' motion for summary judgment or their reply brief. Thus, Brown's filing was clearly improper and will be stricken. The Court reminds Brown that although those who proceed *pro se* "are afforded significant leeway," such plaintiffs "must still comply with the procedural rules that govern civil cases." *Frame v. Superior Fireplace*, 74 Fed. Appx. 601, 603 (6th Cir. 2003).

For the foregoing reasons, Defendants' Motion to Strike Plaintiff's Unsanctioned Surreply **(ECF No. 31)** is **GRANTED**. Brown's surreply **(ECF No. 30)** shall be **STRICKEN** from the docket in this case.

**IT IS SO ORDERED.**

Dated: August 17, 2022　　　　　　　　　　s/David R. Grand
Ann Arbor, Michigan　　　　　　　　　　　DAVID R. GRAND
　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties' attention is drawn to Fed. R. Civ. P. 72(a), which provides a period of

2

fourteen (14) days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S. C. §636(b)(1).

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 17, 2022.

                                       s/Eddrey O. Butts
                                       EDDREY O. BUTTS
                                       Case Manager