UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARNELL BROWN,

    Plaintiff,

v.

SONIA WARCHOCK,
TIMOTHY S. FLANAGAN,
GEORGE STEPHENSON, and
KRISTOPHER STEECE,

    Defendants.

Case No. 21-11423
Honorable Laurie J. Michelson

**ORDER ACCEPTING REPORTS AND RECOMMENDATIONS [36, 39], DENYING MOTION FOR DEFAULT JUDGMENT [32], AND GRANTING MOTION FOR SUMMARY JUDGMENT [25]**

Darnell Brown filed this lawsuit alleging, among other things, that Sonia Warchock and Timothy Flanagan, two members of Michigan's Parole Board, ordered him to attend a class as a prerequisite for either parole consideration or parole release. Brown believes that given the risk of contracting COVID-19 in prison, this prerequisite violated the Eighth Amendment. All pretrial matters were referred to Executive Magistrate Judge David R. Grand. (ECF No. 19.)

On August 17, 2022, Magistrate Judge Grand issued a report and recommendation to deny Brown's motion for default judgment. (ECF No. 36.) And on September 21, 2022, he issued a report and recommendation to grant Defendants' motion for summary judgment on the basis of non-exhaustion. (ECF No. 39.)

At the conclusion of his August 17 report and recommendation and his September 21 report and recommendation, Magistrate Judge Grand notified the parties that they were required to file any objections within 14 days of service, as provided in Federal Rule of Civil Procedure 72(b)(2) and Eastern District of Michigan Local Rule 72.1(d), and that "[f]ailure to file specific objections constitutes a waiver of any further right of appeal." (ECF No. 36, PageID.178; ECF No. 39, PageID.195.) It is now October 18, 2022, which is past the time allowed for objections. And no objections have been filed.

The Court finds that the parties' failure to object is a procedural default, waiving review of the Magistrate Judge's findings by this Court. In *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981), the Sixth Circuit established a rule of procedural default, holding that "a party shall file objections with the district court or else waive right to appeal." And in *Thomas v. Arn*, 474 U.S. 140, 144 (1985), the Supreme Court explained that the Sixth Circuit's waiver-of-appellate-review rule rested on the assumption "that the failure to object may constitute a procedural default waiving review even at the district court level." 474 U.S. at 149; *see also Garrison v. Equifax Info. Servs., LLC*, No. 10-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012) ("The Court is not obligated to review the portions of the report to which no objection was made." (citing *Thomas*, 474 U.S. at 149–52)). The Court further held that this rule violates neither the Federal Magistrates Act nor the Federal Constitution.

The Court therefore finds that the parties have waived further review of both of the Magistrate Judge's reports, and the Court accepts both of his recommendations. (ECF Nos. 36, 39.) It follows that Brown's motion for default judgment (ECF No. 32) is DENIED, that Defendants' motion for summary judgment (ECF No. 25) is GRANTED, and that this case is DISMISSED WITHOUT PREJUDICE.

SO ORDERED.

Dated: October 19, 2022

                                              s/Laurie J. Michelson
                                              LAURIE J. MICHELSON
                                              UNITED STATES DISTRICT JUDGE